UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PARISH M. GOLDEN,

                    Plaintiff,

v.                                            Case No. 12-CV-1270-JPS

MICHAEL BAENEN, GARY HAMBLIN,
JEANANNE ZWIERS,
C.O. II BRANDENBERG, and T. HUCK,              ORDER

                  Defendants.

        The plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis.*

        The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis.* The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.64.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that, pursuant to a statewide Department of Corrections (DOC) policy, inmate medications are distributed by correctional officers rather than nurses or medical staff at Green Bay Correctional Institution (GBCI). The plaintiff has received incorrect medication, as have other inmates. The plaintiff is concerned that the dispensing of medications by untrained correctional staff rather than medical personnel places him and other inmates at risk, and he seeks nominal and punitive damages for the past errors that have been made as well as injunctive relief that would require medication to be distributed by trained medical staff. The plaintiff names GBCI Warden Michael Baenen, DOC Secretary Gary Hamblin, GBCI Health Service Manager Jeananne Zwiers, and Correctional Officer

Brandenberg as defendants on this claim. The plaintiff also seeks to proceed on a negligence claim against C.O. Brandenberg for dispensing the wrong medication to him.

The plaintiff also alleges that defendant GBCI Mailroom Sergeant T. Huck violated his First Amendment rights and unlawfully retaliated against him in June 2012 by intentionally failing to send his outgoing legal mail to the Attorney General by certified mail, and doing so again intentionally as retaliation after plaintiff filed a grievance against him for his previous failure to send his previous outgoing legal mail by certified mail. The plaintiff seeks nominal and punitive damages on this claim as well as an injunction requiring defendant Huck to stop retaliating against him and to stop interfering with his legal mail.

The court finds that the plaintiff may proceed on the following claims: an Eighth Amendment medical care claim against defendants Baenen, Hamblin, Zwiers, and Brandenberg for deliberate indifference to the serious medical need of inmates to reliably receive correct medications; and a First Amendment claim against defendant Huck for interference with his legal mail and retaliation. Plaintiff's negligence claim against defendant Brandenberg will be dismissed because he does not allege any injury resulting in loss or actual damages as a result of her conduct. *See White v. U.S.*, 148 F.3d 787, 793 (7th Cir. 1998) ("In Wisconsin, a plaintiff must establish four elements to succeed in a negligence action: (1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) actual loss or damages resulting from the injury.").

Accordingly,

IT IS THEREFORE ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiff's motion to permit the use of release account fees to pay the initial partial filing fee (Docket #7) be and the same is hereby DENIED as moot;

IT IS FURTHER ORDERED that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants;

IT IS FURTHER ORDERED that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order;

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $347.36 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2); the payments shall be clearly identified by the case name and number assigned to this action;

IT IS FURTHER ORDERED that a copy of this order be sent to the warden of the institution where the inmate is confined; and

IT IS FURTHER ORDERED that, pursuant to the Prisoner E-Filing Pilot Project, the plaintiff shall submit all correspondence and case filings to

institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Pilot Project is in effect only at Green Bay Correctional Institution and, therefore, if the plaintiff is no longer incarcerated there, he will be required to submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge